UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAMILO BOTERO,

           Petitioner,

-against-

WARDEN SHANNON, NYC DEPT. OF CORRECTION,

           Respondent.

22-CV-3017 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Camilo Botero, who is currently held as a pretrial detainee in the Otis Bantum Correctional Center on Rikers Island, paid the $5.00 fee to bring this petition for a writ of *habeas corpus* under Article 70 of the New York Civil Practice Law and Rules ("C.P.L.R."), which provides the procedural vehicle for bringing a *habeas corpus* petition in New York state court. The Court denies the petition without prejudice for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law …." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

Petitioner uses a preprinted form titled as a "Petition for Writ of Habeas Corpus Pursuant to C.P.L.R. § 7000," captioned for the "Supreme Court of the State of New York, County of Queens." (ECF 1 at 1.) The petition contains the following allegations. On August 10, 2021, Petitioner was charged with attempted murder in the second degree and assault in the first degree. (*Id*. at 2-3.) On September 2, 2021, Petitioner was indicted for those offenses, and the matter is pending in New York State Supreme Court, Queens County. (*Id*. at 3.) Petitioner remains in custody because he cannot afford the bail that was set. According to Petitioner, his detention is illegal because he is being exposed to "inhumane conditions." (*Id*.) Petitioner alleges that due to "staff shortages," he is being denied access to the law library, "religion," "mess hall," and mental health and medical services, including vaccination and protection from COVID-19. (*Id.* at 6-10.) Petitioner does not describe any efforts to exhaust his state-court remedies before he filed the petition in this Court. Petitioner seeks to be released.

## DISCUSSION

**A.     Ongoing Criminal Proceedings**

To the extent that Petitioner, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in

which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Petitioner has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses Plaintiff's claims for injunctive relief.[1]

**B.      Habeas corpus**

Petitioner asserts claims for *habeas corpus* relief under C.P.L.R. § 7000 *et seq*. But "[t]he C.P.L.R. by its own terms applies only in New York state courts." *Lacey v. Calabrese*, No. 05-CV-2040 (SJF), 2005 WL 1285702, at *3 (E.D.N.Y. May 26, 2005) (citing C.P.L.R. § 101 (establishing that the CPLR "shall govern in all courts of the state . . ."), and C.P.L.R. § 7002 (listing state-court venues in which state *habeas corpus* petitions can be brought)). Petitioner's claims under the C.P.L.R. cannot be adjudicated in this Court; they can only be litigated in New York's state courts.

---

[1] Petitioner asserts conditions-of-confinement claims arising from his detention. Although federal prisoners may challenge their conditions of confinement under 28 U.S.C. § 2241, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008), "[t]he Second Circuit has not yet extended this ability to persons in state custody," *Hargrove v. Dep' t of Correction*, No. 09-CV-876 (WWE), 2009 WL 2372165, at *1 (D. Conn. July 30, 2009). Moreover, as the Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499; *see Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) ("*habeas* is the exclusive remedy for a state prisoner seeking an earlier release," and Section 1983 is the proper remedy to challenge conditions of confinement) (citing *Preiser*, 411 U.S. at 499.)). Thus, if Petitioner seeks damages or declaratory relief in connection with the alleged unconstitutional conditions of his confinement, he must file a civil rights complaint under 42 U.S.C. § 1983, and either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, by submitting a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act (PLRA) requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1).

District courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). Before seeking *habeas corpus* relief under Section 2241, however, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* Because the complaint does not suggest that Petitioner exhausted his remedies in the state courts, the Court declines to recharacterize this state *habeas corpus* petition as a petition for a writ of *habeas corpus* brought under Section 2241, and denies the petition without prejudice.[2]

**C.    Leave to amend denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a petition to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.

---

[2] When a district court construes a pleading as Section 2241 petition, it must notify the *pro se* petitioner that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

## CONCLUSION

The Court denies this *habeas corpus* petition without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge